UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TACOMA AVENUE INVESTORS LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF THE WEST, a foreign profit corporation,<br><br>Defendant. | Civil Case No.:<br><br>COMPLAINT |

Plaintiff, by and through its attorneys, Charles A. Lyman and Brian C. Nadler of Schlemlein Fick & Franklin, PPLC, allege as follows:

## I.   PARTIES

1.1     Tacoma Avenue Investors ("TAI" or "Plaintiff") is a Washington limited liability company in the State of Washington.

1.2     Bank of the West ("BOW" or "Defendant") is a California foreign profit corporation licensed to do business in the State of Washington and with a principal office address of 180 Montgomery St. Fl. 25, San Francisco, CA 94104-4206.

## II.   JURISDICTION AND VENUE

2.1     Diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1) because the action is between citizens of different states and the amount in controversy exceeds $75,000, including attorney fees under *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

SCHLEMLEIN FICK & FRANKLIN, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
P: (206) 448-8100 F: (206) 448-8514

## III.    RELEVANT FACTS

3.1    In or about September 2021, TAI entered into a transaction with Sage Architectural Alliance ("Sage"), which is a legitimate vendor that works with TAI.

3.2    At or around the same time, currently unknown individuals fraudulently opened an account for Sage at BOW.  BOW failed to exercise due diligence in vetting the impersonator Sage account when it was opened.

3.3    TAI was instructed to transfer, and in fact transferred, $64,309.00 to the BOW account by the Sage impersonators. The current amount in controversy exceeds $75,000.00.

3.4    This transfer would not have occurred but for BOW's lack of exercise of due diligence in the opening of the BOW account.

3.5    TAI demanded repayment of the transferred funds, plus interest, from BOW. To date, BOW refuses to reimburse TAI the amounts wrongfully converted from TAI.

3.6    BOW is liable for TAI's losses on account of their failure to properly vet and establish the fraudulent account application made in Sage's name.

## IV.    CAUSES OF ACTION

### First Cause of Action – Violation of RCW 62A.4A.202 and RCW 62A.4A-204

4.1    Plaintiff repeats and realleges the prior allegations of the Complaint and incorporates them herein by reference.

4.2    Pursuant to RCW 62A.4A-204(a), "[a] payment order received by the receiving bank is the authorized order of the person identified as sender if that person authorized the order or is otherwise bound by it under the law of agency."

4.3    RCW 62A.4A-204(b) further provides, "[i]f a bank and its customer have agreed that the authenticity of payment orders issued to the bank in the name of the customer as sender will be verified pursuant to a security procedure, a payment order received by the receiving bank is effective as the order of the customer, whether or not authorized, if (i) the security procedure is a commercially reasonable method of providing security against unauthorized payment orders, and (ii) the bank proves that it accepted the payment order in good faith and in compliance with

SCHLEMLEIN FICK & FRANKLIN, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
P: (206) 448-8100 F: (206) 448-8514

the security procedure and any written agreement or instruction of the customer restricting acceptance of payment orders issued in the name of the customer."

4.4     As set forth above, BOW violated the provisions of RCW 62A.4A.202 by accepting unauthorized payment requests in connection with a fraudulent account BOW negligently authorized.

4.5     Moreover, as set forth above, BOW failed to maintain a commercially reasonable security procedure, the failure of which led to the conversion from Plaintiff's account by way of unauthorized wire transfers to a fraudulently created account, of which Plaintiff immediately notified BOW upon discovery.

4.6     In addition, because BOW failed to confirm authorization for the transfer and the creation of the imposter Sage account, BOW failed to supervise the transaction in good faith.

4.7     RCW 62A.4A-240 states that "[i]f a receiving bank accepts a payment order issued in the name of its customer as sender which is (i) not authorized and not effective as the order of the customer under RCW 62A.4A-202, or (ii) not enforceable, in whole or in part, against the customer under RCW 62A.4A-203, the bank shall refund any payment of the payment order received from the customer to the extent the bank is not entitled to enforce payment and shall pay interest on the refundable amount calculated from the date the bank received payment to the date of the refund.

4.8     Given the foregoing, BOW is liable for the unenforceable transfer, and thus must disgorge the wrongfully converted funds, as well as interest from the date of the transfer.

### Second Cause of Action – Negligence

4.9      Plaintiff repeats and realleges the prior allegations of the Complaint and incorporates them herein by reference.

4.10    BOW assumed a duty to use reasonable care to keep Plaintiffs account information private and secure and not to establish fraudulent accounts. By the acts and omissions described above, BOW unlawfully breached that duty.

Schlemlein Fick & Franklin, pllc
66 S. Hanford Street, Suite 300
Seattle, WA 98134
P: (206) 448-8100 F: (206) 448-8514

4.11    Moreover, upon discovery of the fraudulent transfers, BOW assumed a duty to assist Plaintiff in the recovery of the funds stolen from its account. By the acts and omissions described above, BOW unlawfully breached that duty.

4.12.    As a result of BOW's actions and omissions, Plaintiff incurred and continues to incur damages in an amount to be determined at trial.

### Third Cause of Action – Breach of Fiduciary Duty

4.13    Plaintiff repeats and realleges the prior allegations of the Complaint and incorporates them herein by reference.

4.14    A fiduciary relationship arises when one party places trust and confidence in another party who is in a dominant or superior position.

4.15    Plaintiff placed its trust and confidence in BOW that BOW would maintain and enforce a commercially reasonable security policy.

4.16    Moreover, following Plaintiff's discovery of the fraudulent wire transfers, Plaintiff placed its trust and confidence in BOW that it would recompense the stolen funds, rather than abet criminal actions and behavior.

4.17    In the acts and omissions above, BOW breached its fiduciary duty to Plaintiff.

4.18    As a result of BOW's actions and omissions, Plaintiff incurred and continues to incur damages in an amount to be determined at trial.

### V.    REQUEST FOR RELIEF

Plaintiff seeks the entry of judgment against BOW for the following relief:

a.    Awarding compensatory and consequential damages;

b.    Costs, including reasonable attorney fees; and

c.    Such other relief as the Court deems just and proper.

DATED this 20th day of May, 2022.

SCHLEMLEIN FICK & FRANKLIN, PLLC

_/s/ Charles A. Lyman_
Charles A. Lyman, WSBA #30495

_/s/ Brian C. Nadler_
Brian C. Nadler, WSBA #51199

COMPLAINT - 4
CIVIL ACTION NO.

1

2          Schlemlein Fick & Franklin, pllc
           66 S. Hanford St, Suite 300
3          Seattle, WA  98134
           P: 206-448-8100
4          F: 206-448-8514
           E: cal@soslaw.com
5          E: bcn@soslaw.com
           Attorneys for Defendants
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Schlemlein Fick & Franklin, pllc
66 S. Hanford Street, Suite 300
Seattle, WA 98134
P: (206) 448-8100 F: (206) 448-8514